IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERNEST GILBERT,

   Petitioner,

              v.

TREVONZA BOBBITT,[1]

   Respondent.

Civil Action No.
1:23-cv-02576-SDG

**OPINION AND ORDER**

This matter is before the Court on the Final Report and Recommendation (R&R) entered by United States Magistrate Judge Justin S. Anand [ECF 11]. The R&R recommends that Respondent Trevonza Bobbitt's motion to dismiss [ECF 7] be granted, that Petitioner Ernest Gilbert's 28 U.S.C. § 2254 petition for a writ of habeas corpus [ECF 1] be dismissed, and that a certificate of appealability be denied. Gilbert has filed objections to the R&R [ECF 13]. For the following reasons, Gilbert's objections are **OVERRULED**, and the R&R is **ADOPTED**.

**I.  BACKGROUND**

Gilbert was convicted of child molestation, aggravated child molestation, and statutory rape by a Gwinnett County jury in 2014.[2] The Georgia Court of Appeals affirmed Gilbert's child molestation and aggravated child molestation convictions, but determined that Gilbert's statutory rape conviction merged with

---

[1]   In his petition, Petitioner misspelled Bobbitt's first name as "Trevonta."

[2]   ECF 8-2.

1

his aggravated child molestation conviction and remanded to the trial court for resentencing. *Gilbert v. Georgia*, No. A16A0015, *slip op.* (Ga. Ct. App. June 22, 2016) [ECF 8-4]. On September 9, 2016, the trial court resentenced Gilbert, in accordance with the appellate court's instructions, to fifty years in custody followed by life on probation.[3] Gilbert did not file another appeal.

Just over three years later, on September 12, 2019, Gilbert filed a state habeas corpus petition,[4] which was denied on June 24, 2022.[5] Gilbert did not seek an application for a certificate of probable cause with the Georgia Supreme Court. Gilbert then filed the instant § 2254 petition in federal court on June 1, 2023.[6] Bobbitt moved to dismiss the petition as untimely.[7] Judge Anand entered an R&R recommending that Bobbitt's motion be granted,[8] and Gilbert has objected to the R&R.[9]

---

[3]   ECF 8-5.

[4]   ECFs 8-6, 8-7.

[5]   ECF 8-8.

[6]   ECF 1.

[7]   ECF 7.

[8]   ECF 11.

[9]   ECFs 9, 10.

**II.   LEGAL STANDARD**

A district judge has a duty to conduct a "careful and complete" review of an R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). The Court reviews any portion of a R&R that is the subject of a proper objection on a de novo basis. 28 U.S.C. § 636(b)(1). The party challenging a R&R must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made, and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The Court maintains the discretion—but is not obligated—to consider novel evidence and substantive legal and factual arguments raised for the first time in an objection to a R&R. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). In contrast, the Court need only review for clear error those portions of a R&R to which no objection is made. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). After conducting its review, the Court retains broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1); *Williams*, 557 F.3d at 1290–92.

**III. DISCUSSION**

Other than under exceptions that do not apply here, § 2254 petitions must be filed within one year of the date that the petitioner's state court judgment of conviction "became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d). That limitations period can be tolled in two ways: either by statute, during the pendency of "a properly filed application for State post-conviction relief or other collateral review," 28 U.S.C. § 2244(d)(2), or under the doctrine of equitable tolling.

In his R&R, Judge Anand concluded that Gilbert's petition was filed after the limitations period expired and that equitable tolling—the only one Gilbert argued for[10]— did not apply. As a preliminary matter, the R&R determined that Gilbert's state court conviction became final on October 10, 2016, upon the expiration of the thirty-day period following Gilbert's September 9 sentencing during which he could have sought (but did not seek) Georgia Supreme Court review. And because the limitations period expired one year later on October 10, 2017, Gilbert's June 1, 2023 petition was untimely. The R&R then concluded that Gilbert was not entitled to tolling and recommended that his petition be dismissed. In objecting to the R&R, Gilbert reasserts the arguments that he raised before Judge Anand: that he is entitled to equitable tolling because his appellate attorney

---

[10] ECFs 9, 10.

abandoned him and because he was incapacitated by sarcoidosis. Based on a *de novo* review, undersigned agrees with the R&R that Gilbert's reasons for delay fail to establish his entitlement to the extraordinary remedy of equitable tolling. Alternatively, the Court rules that Gilbert's claims are procedurally barred.

As Judge Anand noted, Gilbert carries the burden of demonstrating that he is entitled to equitable tolling.[11] A petitioner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quitable tolling is an extraordinary remedy limited to rare and exceptional circumstances." *Miller v. Sec'y, Fla. Dep't of Corr.*, No. 22-10657, 2022 WL 1692946, at *1 (11th Cir. May 10, 2022); *see also Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) ("Equitable tolling is an extraordinary remedy that is typically applied sparingly.").

First, this Court agrees with the R&R that Gilbert's alleged abandonment by his appellate counsel does not justify equitable tolling because Gilbert has not shown that he undertook reasonable efforts to timely file his petition.[12] As the R&R noted, Gilbert was aware that his attorney was not responding to his queries, yet

---

[11] ECF 11, at 5 (citing *Pugh v. Smith*, 465 F.3d 1295, 1300–01 (11th Cir. 2006)).

[12] *Id.* at 8.

did not try to determine the status of his appeal until well after the limitations period had expired.[13] Undersigned further agrees with the R&R's determination that Gilbert has not shown how his attorney's failure to file an appeal caused him to file his § 2254 petition after the expiration of the § 2244(d) limitations period.[14] Gilbert could have filed his § 2254 petition at any time and, to the degree necessary to exhaust his claims, could have sought a stay under the procedure outlined in *Rhines v. Weber*, 544 U.S. 269 (2005), but did not do so.

Second, undersigned agrees with the R&R that Gilbert's sarcoidosis does not justify equitable tolling.[15] Gilbert provides more detail in his objections than he did before Judge Anand, asserting that his sarcoidosis affected his eyesight and caused extended hospitalization.[16] However, assuming Gilbert's sarcoidosis was severe enough to entitle him to equitable tolling while the condition persisted, Gilbert nevertheless states that he was no longer incapacitated by the end of 2018.[17]

---

[13] *See id.* at 9–10 (citing cases for the general proposition that petitioner's efforts to determine the status of his appeal were not sufficient to satisfy the diligence requirement).

[14] *Id.* at 10 (citing *Davis v. Palmer*, 584 F. App'x 802, 803 (11th Cir. 2014) for the proposition that equitable tolling is not appropriate when petitioner alleged that the attorney failed to file a direct appeal in state court because, *inter alia*, he did not show how counsel's conduct "prevented him from timely filing his federal habeas petition").

[15] *Id.* at 11.

[16] ECF 13, at 7.

[17] ECF 9, at 2.

And equitable tolling of the limitations period through December 31, 2018, combined with statutory tolling of the limitations period during the pendency of his state habeas petition between September 12, 2019 to June 24, 2022, still means the limitations period for Gilbert to file the instant action would have expired in October 2022. Thus, even with tolling, Gilbert's June 1, 2023 petition is untimely.

Alternatively, even if Gilbert's petition were timely, Gilbert is not entitled to relief because his claims are procedurally barred. As Bobbitt pointed out, Gilbert's claims are unexhausted because they were not raised in state court, and procedurally defaulted because Gilbert cannot return to state court to exhaust the claims under state law.[18] *See Jimenez v. Fla. Dep't of Corrs.*, 481 F.3d 1337, 1342 (11th Cir. 2007) ("[I]f unexhausted claims would be procedurally barred in state court under the state's law of procedural default, the federal court may consider the barred claims as having no basis for federal habeas relief."). Gilbert raised two claims in his direct appeal,[19] neither of which he raised in his § 2254 petition, and Gilbert did not appeal the denial of his state habeas petition to the Georgia Supreme Court. Full exhaustion under § 2254(b) requires the petitioner "to present his claims to the state's highest court, even if review is discretionary, when such review is part of the ordinary appellate review procedure." *Pope v. Rich*, 358 F.3d

---

[18]   ECF 6, at 2–5.

[19]   ECF 8-3.

852, 853 (11th Cir. 2004). Because ordinary appellate procedure in Georgia authorizes habeas review in the Georgia Supreme Court, a petitioner must avail himself of that procedure before he is deemed to have exhausted his remedies. *Id.* at 854 (citing O.C.G.A. § 9-14-52). As Gilbert did not raise any of his § 2254 claims before the Georgia Supreme Court, they are unexhausted and procedurally barred.

Finally, undersigned agrees with Judge Anand that a certificate of appealability should not issue. Gilbert has not shown that jurists of reason would find it debatable whether (1) his petition states a valid claim of the denial of a constitutional right or (2) this Court was correct in its procedural rulings. *Lambrix v. Sec'y, Dep't of Corrs.*, 872 F.3d 1170, 1179 (11th Cir. 2017); 28 U.S.C. § 2253(c)(2). Gilbert may seek certification from the Eleventh Circuit under Federal Rule of Appellate Procedure 22 for review of this Order. R. 11(a), R. Governing § 2254 Cases in the U.S. Dist. Cts.

## IV. CONCLUSION

Gilbert's objections are **OVERRULED**, and Judge Anand's R&R [ECF 11] is **ADOPTED** in its entirety as the order of the Court. Bobbitt's motion to dismiss the petition as untimely [ECF 7] is **GRANTED**, Gilbert's petition for a writ of habeas corpus [ECF 1] is **DENIED**, and the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 28th day of March, 2024.

                                                              Steven D. Grimberg
                                                              United States District Judge